# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF GEORGE H. HAINES, BAR NO. 9411 AND DAVID H. KRIEGER, BAR NO. 9086.

No. 67958

FILED

JAN 07 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorneys George Haines and David Krieger. Under the agreement, Haines and Krieger admitted to multiple violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 5.3 (responsibilities regarding non-lawyer assistants), RPC 5.5 (unauthorized practice of law), and RPC 7.1 (communications concerning a lawyer's services).[1]

The agreement provides for a three-year stayed suspension. During the period of the stayed suspension, Haines and Krieger must adequately disclose and document to any clients of their law firm or real estate company any actual or potential conflicts of interest and provide timely and complete responses to all requests by the State Bar pursuant to RPC 8.1 for any new grievances. Additionally, if a screening panel

_____

[1]This matter shall stand submitted for decision as of the date of this order on the briefs and record filed herein. *See* SCR 113(3).

16-00520

determines that Haines or Krieger have engaged in professional misconduct after the execution of the plea agreement and violated any of the same rules admitted in the plea agreement, the screening panel shall vote the matter for formal hearing. Similarly, if a hearing panel makes findings that Haines or Krieger engaged in professional misconduct after the execution of the plea agreement and violated any of the same rules that they admitted in the plea agreement, the hearing panel shall recommend imposition of the stayed suspension in additional to any other discipline that may be warranted in the new matter. Finally, Haines and Krieger agreed to pay restitution in specific amounts to clients identified in the plea agreement and to pay the actual costs of the disciplinary proceeding, excluding bar counsel and staff salaries.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Although there are a significant number of violations at issue, considering the hearing panel's and bar counsel's observations regarding Haines' and Krieger's mental states (that they did not act with intent) and the steps that Haines and Krieger have taken to change their practice to better address the diligence and communication concerns and adequately convey the nature of the services provided by their different business entities, *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (explaining that four factors must be weighed in determining attorney discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"), we conclude that the agreed-upon discipline is sufficient to serve the purpose of attorney discipline; *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of

attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose a three-year stayed suspension of Haines and Krieger to commence from the date of this order. Additionally, Haines and Krieger must comply with all of the conditions in the plea agreement, as outlined above, shall pay restitution as set forth in the plea agreement, and shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Chair, Southern Nevada Disciplinary Panel
Bailey Kennedy
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court